**James C. Mahan
U.S. District Judge**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT D. VANNAH, CHARTERED,

        Plaintiff(s),

v.

LINCOLN GENERAL INSURANCE COMPANY,

        Defendant(s).

2:12-CV-1238 JCM (VCF)

**ORDER**

Presently before the court is defendant Lincoln General Insurance Company's motion for summary judgment. (Doc. # 16). Plaintiff Robert D. Vannah, Chartered responded (doc. # 17), and defendant replied (doc. # 18).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56©. The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgment).

. . .

1    Only admissible evidence is considered on a motion for summary judgment. *Id.* at 773; *see*
2    FED.R.CIV.P. 56(e). Authentication is a "condition precedent to admissibility," and can be satisfied
3    by "evidence sufficient to support a finding that the item is what the proponent claims it is." FED.
4    R. EVID. 901(a); *see also Jimena v. UBS AG Bank, Inc.*, 1:07-CV-00367 OWW, 2011 WL 2551413
5    (E.D. Cal. June 27, 2011) *aff'd sub nom. Jimena v. Standish*, 11-16845, 2013 WL 223131 (9th Cir.
6    Jan. 17, 2013).

   Whereas defendant has failed to properly authenticate the evidence provided in support of the motion for summary judgment under the standards set forth in *Orr*, the court cannot find that defendant has carried its burden under Fed. R. Civ. P. 56.[1]

   For example, defendant failed to authenticate two depositions heavily relied on in its motion for summary judgment–exhibit B and exhibit H. A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent. *See* FED.R.EVID. 901(b); FED.R.CIV.P. 56(e) & 30(f)(1); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988); *Pavone v. Citicorp Credit Servs., Inc.*, 60 F.Supp.2d 1040, 1045 (S.D.Cal. 1997) (excluding a deposition for failure to submit a signed certification from the reporter). "Ordinarily, this would have to be accomplished by attaching the cover page of the deposition and the reporter's certification to every deposition extract submitted." *Orr*, 285 F.3d at 774.[2]

. . .
. . .
. . .
. . .
. . .

---

[1] Plaintiff also failed to authenticate some of its evidence in opposition to the motion for summary judgment.

[2] By pointing out this shortcoming–that court is not conceding that this was the only evidence that required authentication. A party submitting the evidence in support of the motion for summary judgment bears the burden of ensuring that all evidence submitted to the court is properly authenticated.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Lincoln General Insurance Company's motion for summary judgment (doc. # 16) be, and the same hereby is, DENIED without prejudice.

DATED July 30, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**