1

2                      **UNITED STATES DISTRICT COURT**

3                             **DISTRICT OF NEVADA**

4                                        * * *

ROBERT D. VANNAH, CHARTERED,              )
5                                         )
                Plaintiff,                )
6                                         )          2:12-cv-01238-JCM-VCF
v.                                        )
7                                         )          **O R D E R**
LINCOLN GENERAL INSURANCE                 )
8    COMPANY,                             )          (*Emergency* Motion for Enlargement of Time
                                          )          to File Dispositive Motions #22)
9                                         )
                Defendant.                )
10   _____  )

11          Before the court is defendant Lincoln General Insurance Company's *Emergency* Motion for

12   Enlargement of Time to File Dispositive Motions.  (#22).

13   **Relevant Background**

14          Plaintiff filed his complaint in the Eighth Judicial District Court, Clark County Nevada, on

15   August 7, 2012.  (#1 Exhibit A).  The defendant removed the action to this court on July 13, 2012,

16   based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  (#1).  The parties filed their discovery

17   plan and scheduling order on July 25, 2012 (#9), which the court signed the next day (#10).  The

18   discovery plan provided for a discovery cut-off date of January 14, 2013, a dispositive motions deadline

19   of February 11, 2013, and a Joint Pretrial Order deadline of March 13, 2013.  (#10).  On January 11,

20   2013, the defendant filed an *emergency* motion to reopen discovery.  (#12).  The court held a hearing

21   on the motion (#12) on January 16, 2013, and granted in part and denied in part the motion.  (#15).  The

22   court held that "Dispositive motions deadline is 4/1/13. If no dispositive motions are filed the joint

23   pretrial order shall be due 4/15/13. If a dispositive motion is filed, the joint pretrial order will not be due

24   until 30 days after the decision on the dispositive motion." *Id.*

25          On April 1, 2013, the dispositive motions deadline, defendant filed a motion for summary

26   judgment.  (#16).  On April 25, 2013, plaintiff filed an opposition (#17), and on May 13, 2013,

1  defendant filed a reply (#18) and exhibits (#19).  The court issued an order on July 30, 2013, denying

2  the motion for summary judgment (#16) *without prejudice* due to defendant's failure to authenticate

3  exhibits as required under *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).  (#20).  On the same

4  day, the defendant re-filed its motion for summary judgment (#21), properly authenticating the exhibits,

5  and an *emergency* motion to extend time to file dispositive motions (#22).[1]

6  ***Emergency* Motion for Enlargement of Time to File Dispositive Motion**

7  **A.      Argument**

8  Defendant asserts that its original motion for summary judgment was filed by the dispositive

9  motions deadline of April 1, 2013 (#16), but that it was denied *without prejudice* (#20) because of

10  defendant's "inadvertent failure...to attach the reporter's certification that the deposition was a true

11  record of the testimony of the deponent due to a clerical oversight." (#22).  Defendant states that the

12  motion is brought on an *emergency* basis because the deadline to file dispositive motions has passed.

13  *Id.*  Defendant contends that plaintiff will not be prejudiced by the extension, as the renewed motion

14  for summary judgment (#21) is identical to the original timely filed motion for summary judgment

15  (#16), with the exception that the deposition is properly authenticated.  *Id.*

16  **B.      Relevant Law/Discussion**

17  Pursuant to Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within

18  a specified time, the court may, for good cause, extend the time...on motion made after the time has

19  expired if the party failed to act because of excusable neglect."   The Supreme Court and the Ninth

20  Circuit recognize that "it is clear that "excusable neglect"  under Rule 6(b) is a somewhat "elastic

21  concept" and is not limited strictly to omissions caused by circumstances beyond the control of the

22  movant." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)(quoting *Pioneer Inv.*

23  ────────────────

24  [1] The defendant filed one document titled "Defendant Lincoln General Insurance Company's *Emergency*
Request for Enlargement of Time to File Dispositive Motions and Renewed Motion for Summary Judgment."  As the
25  motion seeks two forms of relief, on July 31, 2013, the clerk of the court separated the document into two docket entries
in accordance with Special Order 109.

26                                                              2

1  *Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 391, 113 S.Ct. 1489, 1496, 123 L.Ed.2d

2  74 (1993)).  "Because Congress has provided no other guideposts for determining what sorts of neglect

3  will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking

4  account of all relevant circumstances surrounding the party's omission." *Id* (quoting *Pioneer Inv. Servs.*

5  *Co.,* at 395, 113 S. Ct. at 1498)).  The court will consider the following non-exhaustive factors in

6  determining whether "excusable neglect" exists: "the danger of prejudice to the [opposing party], the

7  length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

8  whether it was within the reasonable control of the movant, and whether the movant acted in good

9  faith." *Id.*

10        Taking all of the "relevant circumstances" into account, the court finds that excusable neglect

11  exists and that granting defendant's request for extension of time (#22) is warranted. *See Id.*  Defendant

12  timely filed its dispositive motion (#16), and inadvertently omitted the reporter's certificate, causing

13  the District Judge to deny the motion *without prejudice* (#20).  The renewed motion for summary

14  judgment (#21) and the instant motion for extension of time (#22) were filed only hours after the court

15  denied the motion for summary judgment (#20).  As the renewed motion for summary judgment (#21)

16  is identical in substance to the original motion (#16), plaintiff will suffer no prejudice and the court

17  proceedings will not be unnecessarily delayed.  The motion for enlargement of time to file dispositive

18  motions (#22) is granted.

19        Accordingly, and for good cause shown,

20        IT IS ORDERED that defendant Lincoln General Insurance Company's *Emergency* Motion for

21  Enlargement of Time to File Dispositive Motions (#22) is GRANTED.

22        DATED this 2nd day of August, 2013.

23        _____

**CAM FERENBACH**

24        **UNITED STATES MAGISTRATE JUDGE**

25

26                                           3